# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| STATE OF LOUISIANA | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-10537 |
| ERROL VICTOR | SECTION: "G"(3) |

## ORDER

Before the Court is a petition and notice of removal filed by Petitioner Errol Victor, Sr. ("Petitioner").[1] Pursuant to 28 U.S.C. § 1443, Petitioner seeks to remove his appeal of a state criminal conviction to this federal court.[2] Having examined the petition, the notice of removal, the record, and the applicable law, the Court finds that it does not have jurisdiction over the matter. Accordingly, the Court will remand the case to the Louisiana Supreme Court.

28 U.S.C. § 1443 allows removal of certain civil actions and criminal prosecutions from a state court by a defendant "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."[3] Caselaw instructs that the defendant must "allege that a specific federal law protects the criminal conduct with which he was charged."[4] To remove a case under 28 U.S.C. § 1443, the defendant must satisfy a two-prong test.[5] First, the right allegedly denied must "arise[] under a federal law providing for specific civil rights stated in terms of racial equality."[6] Second,

---

[1] Rec. Doc. 1.

[2] *Id.*

[3] 28 U.S.C. § 1443.

[4] *Robertson v. Louisiana*, 246 F. App'x 267, 268 (5th Cir. 2007) (citing *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824–28 (1966)).

[5] *Williams v. Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979).

[6] *Id.* (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

"it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specific federal rights in the courts of [the] state."[7] "This provision normally requires that the 'denial be manifest in a formal expression of state law,' . . . such as a state legislative or constitutional provision, '"rather than a denial first made manifest at the trial of the case."'[8] Failure to satisfy this additional requirement is fatal.[9]

In the instant case, Petitioner asserts that the State of Louisiana violated his civil rights by: (1) discriminating in indictments such that prosecutors disproportionately indicted African Americans, (2) discriminating in prosecutions in a manner that targeted African Americans more than other races, and (3) obtaining one of Petitioner's convictions with a non-unanimous jury.[10] Petitioner lists the Due Process Clause of the Louisiana and United States Constitutions and the Equal Protection Clause of the Fourteenth Amendment as the laws that protect his civil rights.[11] The only state laws that Petitioner explicitly challenges are Article 1, Section 17 of the Louisiana Constitution and Article 782 of the Louisiana Code of Criminal Procedure, both of which address Louisiana's non-unanimous jury scheme.[12]

The Court first notes that Petitioner does not allege that a federal civil rights law protects the conduct with which he was charged in state court.[13] This seemingly ends the Court's inquiry into whether § 1443 permits removal of the action, but the Court will nevertheless address the assertions Petitioner makes in the Notice of Removal. Rather than allege that a federal law protects

---

[7] *Id.* (quoting *Johnson*, 421 U.S. at 219).

[8] *Id.* (quoting *Johnson*, 421 U.S. at 219).

[9] *Id*.

[10] Rec. Doc. 1 at 2–4.

[11] *Id.*

[12] *Id.* at 3.

[13] *See City of Greenwood, Miss.,* 384 U.S. at 824–28 (1966).

the activity charged in state court, Petitioner's claims center on practices that state prosecutors allegedly engaged in during his prosecution—denials of his rights that were "first made manifest at the trial of the case."[14] The United States Supreme Court has made clear that "[i]t is not enough to support removal under s 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court."[15] There are other federal provisions that are meant to protect these civil rights of defendants, and Petitioner attempts to apply § 1443 in a context where other civil rights provisions are more appropriate.[16]

§ 1443 is only intended to apply "where it can be clearly predicted" that because of a pervasive state law, the very act of bringing a defendant to trial in a state court will controvert a federal right that protects him.[17] The most notable example of a case where § 1443 was properly utilized was one in which civil rights advocates were prosecuted for eating at a segregated lunch counter.[18] The Supreme Court found that because the Civil Rights Act of 1964 explicitly protected the right to engage in this activity, the state could not prosecute individuals under state laws designating this activity as trespass.[19] Thus, it could be "clearly predicted" that any attempt at a state trespass charge would violate the defendants' civil rights.[20]

---

[14] *See Williams*, 608 F.2d at 1022.

[15] *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966).

[16] *Id.*

[17] *Id.*

[18] *State of Georgia v. Rachel*, 384 U.S. 780 (1966).

[19] *Id.*

[20] *City of Greenwood, Miss.*, 384 U.S. at 828 ("Under s 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by

Here, Petitioner fails to articulate how it could have been "clearly predicted" that a state law would result in a prosecution that violated his federal rights. First, the Supreme Court has held that broad constitutional guarantees, such as the Due Process Clause, that do not specifically address "equal civil rights" do not qualify as one of the federal laws included in § 1443.[21] Further, Petitioner does not detail how his right to Equal Protection under the law could not be enforced in Louisiana courts. Finally, the only state laws that Petitioner cites as violating his rights are the Louisiana constitutional provisions regarding non-unanimous juries. Yet, there is no federal right to a verdict by a unanimous jury, and the United States Supreme Court has specifically held that the Louisiana non-unanimous jury provision does not violate a defendant's right to a jury trial.[22]

Because Petitioner fails to articulate a state law that caused his federal rights to be violated when he was tried in state court, it is clear that § 1443 does not apply to Petitioner's case. Where Petitioner has not provided a legitimate statutory basis for removal, this Court cannot exercise jurisdiction over his state criminal action.

Accordingly,

**IT IS HEREBY ORDERED** that this state criminal action is **REMANDED** to the Louisiana Supreme Court.

**NEW ORLEANS, LOUISIANA**, this <u>29th</u> day of April, 2019.

                                                   **NANNETTE JOLIVETTE BROWN**
                                                   **CHIEF JUDGE**
                                                 **UNITED STATES DISTRICT COURT**

---

the very act of bringing the defendant to trial in the state court.") (citing *State of Georgia v. Rachel*, 384 U.S. 780 (1966)).

[21] *Id.* at 825.

[22] *Apodaca v. Oregon*, 406 U.S. 404 (1972).